IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 09-276 (JR) |
| ) | |
| STEWART DAVID NOZETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY AND 404(b) EVIDENCE**

The United States of America, by and through its undersigned attorneys, hereby submits this opposition to defendant's "Motion to Compel Discovery" and the accompanying "Motion for Disclosure Pursuant to Fed. R. Evid. 404(b)," both filed on December 22, 2009. As a preliminary matter, the government notes that it is not clear what precisely the defense is seeking to compel. As filed through the Electronic Court Filing system, the latter motion is an attachment to the former motion. The latter motion, however, is styled as a "Memorandum of Law in Support of Motion for Disclosure Pursuant to Fed. R. Evid. 404(b) and 609."

Response to Motion to Compel Discovery

To the extent that defendant's focus is on the materials outlined in the "Motion to Compel Discovery," that motion simply reiterates, line for line, the defense's single discovery letter dated November 23, 2009. See Attachment A. Such a motion is both overbroad and premature. First, with regard to its sweeping nature, the defense request to the Court seems to ignore outright, and without elaboration, the substantial prior discovery provided to the defense both before and after November 23, 2009. Second, the defense has been informed repeatedly that the majority of the discovery which he seeks remains classified national defense information to

which he may not have lawful access until he receives a security clearance. Defense counsel completed the paperwork for his security clearance on November 17, 2009. Moreover, it is the government's understanding that the entire defense team, including two additional attorneys and one private investigator, submitted applications for security clearances in December of 2009. To the extent that the entire defense team seeks to have access to classified discovery, they, too, first must have their security clearances in place. The undersigned prosecutors have no control or input in the security clearance process, though do not think it unreasonable to expect completion of that process to take a fair amount of time. As a result, there will be an inevitable and unavoidable delay in delivering this material to the entire defense team. Accordingly, any complaint concerning a lack of such discovery is not ripe.

Defendant was arrested on October 19, 2009. On October 22, 2009, the government provided the first of what, to date, are six discovery productions (see Attachment B), including thousands of Bates numbered materials. These productions covered all aspects of the government's responsibilities, including Constitutional requirements, Brady obligations, and those under Rule 16 of the Federal Rule of Criminal Procedure. The productions have contained defendant's statements, his prior record, copies of physical evidence, surveillance materials and seizure lists, as well as preliminary information regarding expert witnesses, references to other crimes evidence, discussions of reports of examinations, informants, state of mind evidence and law enforcement cooperation. They have also included, *inter alia,* documents, photographs, videotapes, audio recordings, transcripts, search warrant materials, e-mails, text messages and witness information. To view the bulk of the remaining discovery materials, defense counsel must have his security clearances. This fact has been stressed to the defense repeatedly.

Furthermore, it is worth noting that there is some question of whether the defense has now taken a contrary, and much broader position, concerning the information it seeks the government to produce.  At the status hearing held on November 10, 2009, the government informed the court that it had seized nearly 1.5 terabytes of electronic data - including numerous classified documents - from the defendant.  Accordingly, given the complex nature of both the forensic examination and the classification reviews involving multiple U.S. government agencies, the government indicated that it needed a lengthy period of time to adequately fulfill its discovery obligations, which necessarily would include addressing and balancing national security interests.  At the time of the hearing, defense counsel clearly and without qualification that he did not think it necessary to review 1.5 terabytes of data.  Rather, the defense counsel's focus was on the classified material underlying the two counts in the Indictment.  Accordingly, and based on those representations, the government agreed to set a very short trial date in this matter.

Part A of defendant's discovery letter, addressing "National Defense Information," does seem to request – consistent with the defense counsel's prior representations to the court – only classified information underlying the counts in the Indictment.  Part E of that same letter, in contrast, requests "[A]ny documents . . . that were obtained from or belong to Defendant, including, without limitation . . . digital or computerized data in any form."  If in fact defendant has taken a different position, it will take substantially more time to review and prepare such data for discovery.

Response to Motion for Disclosure Pursuant to Fed. R. Evid. 404(b)

To the extent that defendant's focus is solely to compel notice of 404(b) evidence, by letter sent via e-mail and Federal Express on December 22, 2009, the government informed the defense that it intended to file formal 404(b) notice in January.  In addition, by letter sent via e-mail and Federal Express on December 30, 2009, the government, in an abundance of caution, provided informal notice of its intent to introduce as trial exhibits the following direct evidence regarding defendant's consciousness of guilt, intent, and predisposition to provide information relating to the national defense to foreign nations to advantage such foreign nation and to injure the United States:  1) that recovered from the defendant's safe deposit box in La Jolla, California were a number of hard drives which contain classified material which defendant accessed in October 2009; 2) that the defendant told the undercover FBI agent that he had secreted classified materials in safe deposit boxes because he knew the information would become valuable one day; 3) that defendant sent an e-mail using another person's e-mail address, pretending to be that person, falsely indicating that this person wanted defendant to be given a disc containing a certain classified program; 4) defendant's statement that if the U.S. government prosecuted him or put him in jail as a result of the fraud investigation against him he would move to India or Israel and "tell them everything"; 5) that the defendant told the FBI that he had supplied classified information to foreign persons in the past. Substantial discovery regarding the evidence recovered from the safe deposit box in La Jolla California had previously been provided.  Items three and four were described in the criminal complaint and search warrant affidavits, all provided to the defense in October.  Moreover, on December 30, 2009, the government provided to the defense various FBI 302s, providing names of witnesses and

additional details relating to items three and four. Additional discovery related to all of the above-referenced evidence will be made available to the defense once the necessary security clearances are in place.

## CONCLUSION

The United States has provided ample and voluminous materials and information. It is prepared to make additional discovery available once the defense counsel receives his clearances. The government, therefore, respectfully requests that the Court deny defendant's motions.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793


By:      /s/
ANTHONY ASUNCION
Assistant United States Attorney
D.C. Bar No. 420822
U.S. Attorney's Office
National Security Section
555 Fourth Street, N.W. (11th Floor)
Washington, D.C.  20530
Tel: 202-514-6950
Anthony.Asuncion@usdoj.gov


         /s/
DEBORAH A. CURTIS
CA Bar No.  172208
Trial Attorney/Counterespionage Section
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel:  202-353-8879
Deborah.Curtis@usdoj.gov

      /s/
HEATHER M. SCHMIDT
D.C. Bar No.  496325
Trial Attorney/Counterespionage Section
Department of Justice
1400 New York Ave., N.W.  (9th Floor)
Washington, D.C.  20005
Tel:  202-617-2706
Heather.Schmidt@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was electronically served upon John C. Kiyonaga, Esq., counsel for defendant, on this 31st day of December, 2009.

                                     /s/
                            ANTHONY ASUNCION
                            Assistant United States Attorney